Jones, Judge:
This claim was filed before the Court of Claims on December 11, 1967. At the same time there was filed a Stipulation, executed in behalf of the respondent by L. L. Vincent, Commissioner of the Department of Welfare, and C. Donald Robertson, Attorney General of West Virginia, which Stipulation recites that the respondent, “***having made a detailed analysis of and investigation into the facts and circumstances giving rise to said claim, stipulates the facts and amounts of damages as alleged in claimant’s petition as being correct***.”
The claimant’s petition and its exhibits show that between October, 1964 and June, 1965, the claimant agreed to sell to the respondent certain equipment for the filing and retrieval of records, known as Remington Rand Lektrievers, to be delivered and installed in the district offices of the respondent. All purchase orders provided for the delivery and installation of the Lektrievers at specified locations. After the claimant had shipped the equipment from its factory in New York to the West Virginia locations, the respondent notified the claimant that suitable space for the installation of the Lektrievers was not available and that the claimant would have to take back and store all of the equipment until installation space could be provided. The claimant did not have adequate storage facilities and it was necessary to employ local haulers and storage companies to remove and store the equipment, and, when *61 space was finally available, the equipment was re-delivered to the various offices of the respondent. Copies of the storage, handling and hauling invoices in the total amount of $13,245.47, all of which are shown to have been paid in full by the claimant, were filed as exhibits with the respondent’s petition. The claimant invoiced the Department of Welfare for said storage, handling and hauling charges, and the invoice was approved by the respondent and forwarded to the State Auditor, who refused payment on the ground that the charges did not correspond with the terms of the purchase orders.
On the basis of the claimant’s petition, together with its exhibits, and the stipulation of facts above referred to and filed with this Court, and after examining and considering the same, it is the opinion of the Court that the facts set forth in the petition do present a claim within the jurisdiction of this Court, and the stipulation of facts filed herein is hereby accepted and approved.
After further consideration of the facts set forth in the petition and the amount claimed by the claimant as reimbursement for sums advanced by the claimant for the storage, handling and hauling of equipment, as a result of the respondent’s failure to provide adequate facilities for the installation of the equipment ordered by the respondent and delivered by the claimant to the locations specified in the purchase orders, the Court is of the opinion that such facts do constitute a valid claim against the State of West Virginia which in equity and good conscience should be paid, and it is our judgment that the claimant, Remington Rand Office Systems Division, Sperry Rand Corporation, should recover the amount of its claim, and an award is made to said claimant in the amount of $13,245.47.